[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16448
Non-Argument Calendar

_____

Agency No. A96-001-476

GENTJAN THEMELI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 31, 2006)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Petitioner Gentjan Themeli, a native citizen of Albania, seeks review of the

Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") order denying asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158, 1231, and the Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c). On appeal, Themeli argues that the BIA's and IJ's findings with regard to his applications for asylum, withholding of removal, and CAT relief were not supported by substantial evidence. We will review each form of relief sought in turn.

I.     **Asylum**

Concerning his asylum application, Themeli argues that he had demonstrated a well-founded fear of persecution. Themeli further challenges the IJ's adverse credibility determination, asserting that his statements in the asylum officer's summary of his credible fear interview are not inconsistent with his testimony from his hearing. Themeli contends that the credible fear interview lasted a short time and only a summary of his problems was discussed. Themeli maintains that, based on the record and Professor Bernd Fischer's testimony, he established that he holds political views contrary to those of the Socialist Party, the Socialist Party has engaged in violence toward political figures, and that he was detained and beaten several times "by the secret police and at the order of a government prosecutor." Themeli also argues that the IJ erred in finding that

2

Themeli's true identity was questionable based only on the existence of two passports with different dates of birth.

When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.* Here, the BIA affirmed the IJ's findings, adopted the IJ's reasoning, and briefly articulated its reasons for doing so. Thus, we review the decisions of both the IJ and the BIA.

To the extent that the IJ's and the BIA's decisions were based on legal determinations, our review is *de novo*. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). The IJ's and BIA's factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar*, 257 F.3d at 1283-84 (quotation omitted). Therefore, a finding of fact will be reversed "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal . . . ." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*), *cert. denied*, 125 S. Ct. 2245 (2005); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any

reasonable adjudicator would be compelled to conclude to the contrary . . . .").

Likewise, a credibility determination is reviewed under the substantial evidence

test, and "this court may not substitute [its] judgment for that of the BIA with

respect to credibility findings." *D-Muhumed*, 388 F.3d at 818.

To establish eligibility for asylum, an applicant has the burden of proving

that he is a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is defined as:

> any person who is outside any country of such person's nationality or,
> in the case of a person having no nationality, is outside any country in
> which such person last habitually resided, and who is unable or
> unwilling to return to, and is unable or unwilling to avail himself or
> herself of the protection of, that country because of persecution or a
> well-founded fear of persecution on account of race, religion,
> nationality, membership in a particular social group, or political
> opinion

8 U.S.C. § 1101(a)(42)(A).

To establish asylum eligibility through a well-founded fear, an applicant

must prove that his statutorily protected status will cause harm or suffering that

rises to the level of persecution. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1202, 1286

(citations omitted). "In order to demonstrate a sufficient connection between

future persecution and the protected activity, an alien is required 'to present

specific, detailed facts showing a good reason to fear that he or she will be singled

out for persecution on account' of such a protected activity." *Id.* (citation omitted).

"Establishing a history of past persecution creates a presumption that an alien has a

4

well-founded fear of future persecution, although that presumption can be rebutted by the government." *Id.* (citation omitted); *see also* 8 C.F.R. § 208.13(b)(1).

"The testimony of an applicant, if found to be credible, is alone sufficient to establish" eligibility for asylum.[1] *Id.* at 1287. Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishment as the applicant repeatedly recounts his story. *See In re B-*, 21 I&N Dec. 66, 70 (BIA 1995); *see also Dalide v. U.S. Att'y Gen.*, 387 F.3d 1335, 1343 (11th Cir. 2004) (affirming the BIA's adverse credibility determination, which was based upon its finding that the applicant's testimony conflicted with his answers to interrogatories, affidavit, deposition, and other documentary evidence). Although uncorroborated but credible testimony may be sufficient to sustain an applicant's burden of proving eligibility for asylum, "[t]he weaker an applicant's testimony, however, the greater the need for corroborative evidence." *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005).

However, the IJ must provide "specific, cogent reasons" for her credibility

---

[1]The REAL ID Act of 2005 amended the law regarding credibility determinations by adding INA §§ 208(b)(3)(B)(iii) , 1229a(c)(4)(C). Section 101(a)(3) and (d), Pub. L. No. 109-13, 119 Stat. 231, 303, 304-305. The Act states, however, that these provisions "shall apply to applications for asylum, withholding, or other relief from removal made on or after" the date of enactment of the act, May 11, 2005. Pub. L. No. 109-13, 119 Stat. at 305. Therefore, because Themeli's application for asylum was filed before May 11, 2005, these provisions do not apply in this case.

finding. *Forgue*, 401 F.3d at 1287. The Third and Ninth Circuits have persuasively held that "minor inconsistencies and minor admissions that reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding." *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002) (internal quotation omitted); *see also Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001). Further, "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant." *Forgue*, 401 F.3d at 1287. Nevertheless, when the IJ notes an applicant's inconsistencies and provides specific cogent reasons which are supported by the record, "we will not substitute our judgment for that of the IJ with respect to its credibility findings." *D-Muhumed*, 388 F.3d at 819.

Based on the numerous testimonial and documentary inconsistencies in the record, and given the fact that Themeli failed to address most of them in his appellate brief, the IJ's finding that Themeli was not credible is supported by substantial evidence. Because the IJ's credibility finding is supported by substantial evidence, the record does not retain enough, if any, credible claims that could support Themeli's application for asylum. Moreover, even if some of the record evidence weighs in Themeli's favor, a review of the entire record, including Themeli's weak and inconsistent testimony, certainly does not compel reversal.

6

*See Adefemi*, 385 F.3d at 1027 ("the mere fact that the record may support a contrary conclusion is not enough to justify a reversal . . ."). As such, the IJ's determination that Themeli did not establish his eligibility for asylum is also supported by substantial evidence.

## II.     Withholding of Removal

Themeli argues that, for the reasons he stated with regard to his eligibility for asylum, he is likewise eligible for withholding of removal. Themeli further contends that he clearly established that his life was in danger in Albania and that it is more likely than not that he would be targeted by the socialists upon return to Albania. Themeli also maintains that, as a political activist, he would "stand out in the crowd" if he returned to Albania.

To establish eligibility for withholding of removal, the applicant must meet a standard more stringent than the "well-founded fear" asylum standard, and "show that h[is] life or freedom would 'more likely than not' be threatened upon return to his country because of, among other things, his political opinion." *Huang v. U.S. Att'y Gen.*, 429 F.3d 1002, 1010-11 (11th Cir. 2005) (quoting INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). Thus, an applicant who is unable to meet the standard for asylum is also unable to meet the more stringent standard for withholding of removal. *Huang*, 429 F.3d at 1011.

Because we conclude from the record that Themeli failed to meet the asylum standard, his claim for withholding of removal must fail as well. Thus, we hold that BIA's and IJ's denial of withholding of removal was supported by substantial evidence.

## III. CAT Relief

Themeli argues on appeal that he is entitled to CAT relief because he suffered torture and beatings from the prosecutor's guards, who Themeli concludes are government officials or, at least, persons acting on behalf of government officials. Themeli asserts that, if returned to Albania, he would more likely than not be tortured.

An alien is entitled to withholding of removal under the CAT if he establishes that it is "more likely than not that he or she will be tortured if removed . . . ." 8 C.F.R. § 208.16(c)(2); *see also Cadet v. Bulger*, 377 F.3d 1173, 1180 (11th Cir.2004). "Torture" is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of . . . a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1); *see also D-Muhumed*, 388 F.3d at 819-20. "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8

C.F.R. § 208.18(a)(2).

As explained above, the IJ's determination, that Themeli and his various accounts concerning the threats and beatings that he sustained in Albania are not credible, is supported by substantial evidence. Moreover, Themeli does not point to any other treatment that he received that was found credible and could amount to "torture" as defined in the regulations. Therefore, the BIA's and IJ's findings with regard to CAT relief are supported by substantial evidence.

For the above-stated reasons, we deny Themeli's petition for review.

**PETITION DENIED.**